UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BURCIAGA,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES BANH, *et al*,<br><br>        Defendants. | Case No. 1:17-cv-0200 DAD-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF THIS ACTION FOR FAILURE TO OBEY A COURT ORDER** |

On February 13, 2017, Plaintiff Manuel Burciaga, a state prisoner proceeding *pro se*, initiated this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1). On February 15, 2017, the Court ordered Plaintiff to submit an application to proceed informa pauperis in this action, or in the alternative, pay the filing fee in the amount of $400.00 within forty-five days of the service of that order. (Doc. 2). In reply, Plaintiff submitted a letter to the Court indicating that his filing fee requirement should be discharged based on the principles of House Joint Resolution 192 and the uniform commercial code. (Doc. 3). Because Plaintiff had not provided the Court with a complete application to proceed in forma pauperis or any other similar affidavit providing information about Plaintiff's financial condition from which the Court could determine whether he was unable to pay the filing fee, the Court issued an Order on April 5, 2017 requiring Plaintiff to file an application to proceed in forma pauperis providing information about Plaintiff's

1

financial condition. In that Order, the Court additionally explained that Plaintiff's "sovereign citizen theories premised on House Joint Resolution 192" did not excuse Plaintiff's filing fee requirement. Plaintiff was further warned that failure to file his application by April 19, 2017 would result in dismissal of his case.

In response, on April 21, 2017, Plaintiff filed a notice/motion reiterating that the "debt incurred from his filing fee" should be set-off or discharged because the United States is a 'bankrupt entity, in debt to its" sovereign citizens, which includes Plaintiff. (Doc. 7). This document does not satisfy the filing fee requirement. Nor does it adequately allege Plaintiff's poverty. Therefore, Plaintiff's notice/motion should be denied. (Doc. 7). Further, for the reasons set forth below, the Court recommends that this action be DISMISSED for Plaintiff's failure to comply with a court order.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether

to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that Plaintiff intends to prosecute this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order was clear that dismissal would result for failure to complete an IFP application or otherwise pay the filing fee. (Docs. 2, 6).

## CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

(citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 1, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

4